[Cite as *State v. Fox*, 2014-Ohio-2156.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 13CAA110077 |
| | : | |
| BRIAN M. COX | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Delaware County Court
of Common Pleas, Case No. 12CR-I-
0081


JUDGMENT:                       AFFIRMED



DATE OF JUDGMENT ENTRY:         May 16, 2014



APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

CAROL HAMILTON O'BRIEN                   DAVID H. BIRCH
DELAWARE CO. PROSECUTOR                  2 West Winter
BRIAN J. WALTER                          Delaware, OH 43015
140 North Sandusky St.
Delaware, OH 43015

*Delaney, J.*

{¶1}   Appellant Brian Cox appeals from the October 21, 2013 judgment entry of the Delaware County Court of Common Pleas revoking his community control sanction and sentencing him to a prison term of 12 months.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   A statement of the facts underlying appellant's criminal convictions is not necessary to our resolution of this appeal.

{¶3}   Appellant was charged by indictment with one count of breaking and entering pursuant to R.C. 2911.13(A), a felony of the fifth degree, one count of theft in pursuant to R.C. 2913.02(A)(1), a felony of the fifth degree, and one count of obstructing official business pursuant to R.C. 2921.31(A), a felony of the fifth degree. Appellant entered pleas of not guilty.

{¶4}   On April 26, 2012, appellant entered a negotiated plea of guilty to Count I, breaking and entering, and the lesser included offense of obstruction official business as a misdemeanor of the second degree, Count III.  Appellee dismissed Count II.  The trial court sentenced appellant to a community control sanction.

{¶5}   On June 27, 2013, appellee sought an arrest warrant for appellant based upon his failure to comply with terms of community control, noting appellant failed to report for appointments at Adult Court Services and on May 25, 2013 fled from officers attempting to apprehend him.  The arrest warrant was duly issued.

{¶6}   On August 8, 2013, appellee filed an Amended Motion on Community Control Sanction Violation, stating the above violations in addition to "[o]n or around 4/18/13, 5/2/13 and 7/30/13 [appellant] tested positive for marijuana and admitted use"

and "[appellant] was ordered to complete substance abuse treatment * *  * as well as cognitive behavioral treatment * * *. [Appellant] has been unsuccessfully terminated from both for lack of attendance."

{¶7}  The trial court held a community control violation hearing on August 8, 2013, after which it re-imposed the community control sanction with the additional requirement that appellant successfully complete a community-based correctional facility (CBCF).   Appellant was remanded to the Delaware County Jail until a bed became available.

{¶8}  On October 11, 2013, appellee moved to revoke appellant's community control sanction on the grounds he was unsuccessfully terminated from the CBCF.

{¶9}  A hearing was held on October 17, 2013.   Appellant appeared with counsel and admitted he was terminated from the CBCF.   The trial court thereupon revoked his community control sanction and sentenced him to a prison term of 12 months upon Count I, breaking and entering, and 90 days upon Count III, obstructing official business, to be served concurrently.

{¶10} Appellant now appeals from the trial court's Judgment Entry on Revocation of Community Control Sanctions and Imposition of Sentence filed October 21, 2013.

{¶11} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶12} "I. APPELLANT WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND THE OHIO

CONSTITUTION ARTICLE I SECTION 10 WHEN COUNSEL DID NOT PRESENT EVIDENCE IN MITIGATION AT THE PENALTY PHASE OF THE PROCEEDINGS."

**ANALYSIS**

{¶13} In his sole assignment of error, appellant argues he received ineffective assistance of counsel because no mitigating evidence was presented at the community control revocation hearing.  We disagree.

{¶14} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See*, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

{¶15} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶16} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶17} Appellant argues counsel was ineffective in failing to present "mitigating" evidence at the revocation hearing on the basis of *State v. Johnson*, 24 Ohio St.3d 87, 89, 494 N.E.2d 1061 (1986), which we find to be inapposite. *Johnson* is a capital case in which defense trial counsel failed to present mitigation evidence at the penalty phase, thereby demonstrating "the complete lack of preparation and zeal on the part of defense counsel regarding the question of whether their client should live or die * * *." Id.

{¶18} In the instant case, the circumstances are considerably more limited: appellant was unquestionably terminated from the CBCF, successful completion of which being the key requirement of his community control sanction. In short, we fail to see, and appellant fails to present, what "mitigating" information could possibly have been offered.

{¶19} Moreover, even if we assume for the sake of argument counsel should have presented some mitigating evidence on behalf of his client, we find no reasonable probability the result of the proceeding would have been different. Appellant already had one bite of the apple, so to speak, because his first round of violations of community control resulted not in prison but in imposition of the CBCF requirement. We fail to see how any other action by defense counsel would have brought about a different result than the inevitable prison term in this case.

{¶20} We find appellant did not receive ineffective assistance of counsel and his sole assignment of error is overruled.

**CONCLUSION**

{¶21} Appellant's sole assignment of error is overruled and the judgment of the Delaware County Court of Common Pleas is affirmed.

By: Delaney, J. and

Hoffman, P.J.

Farmer, J., concur.